## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ORLANDO CORNELL M.,         *
                                      *
            **Plaintiff,**       *
                                      *
        **vs.**                 *        **Civil Action No.   ADC-19-3188**
                                      *
**COMMISSIONER, SOCIAL SECURITY**   *
**ADMINISTRATION,**                 *
                                      *
           **Defendant.**       *
                                      *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On November 4, 2019, Orlando M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 15 and 16), as well as all responses (ECF No. 17), the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 16) are DENIED, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

## PROCEDURAL HISTORY

On May 11, 2016, Plaintiff filed a Title XVI application for supplemental security income alleging that he was unable to work beginning on May 19, 2016. His claims were denied initially and upon reconsideration on August 15, 2016 and October 21 2016, respectively. Subsequently, on October 28, 2016, Plaintiff filed a written request for a hearing, and, on October 1, 2018, a hearing was held before an Administrative Law Judge ("ALJ"). On November 15, 2018, the ALJ rendered a decision denying Plaintiff's claims for SSI. See ECCF

No. 11 at 20. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination, and, on December 19, 2019, the Appeals Council denied Plaintiff's request for review. ECF No. 11 at 5. Thus, the decision rendered by the ALJ became the final decision of the Commissioner. *See* C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 4, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's denial of Plaintiff's social security application.[1] On July 7, 2020, Plaintiff filed a Motion for Summary Judgment. ECF No. 15. On September 8, 2020, Defendant filed a Motion for Summary Judgment. ECF No. 16. Plaintiff filed a response on September 18, 2020. ECF No. 17. This matter is now fully briefed, and the Court has reviewed all motions and responses thereto.

## STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). However, the Court does not conduct a de novo review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a de novo review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence."). Therefore, the issue before the

---

[1] On October 14, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.").

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith v. Chater*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d at 653 (internal quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that he is under disability within the meaning of the Social Security Act. The term "disability," for purposes of the Social Security Act, is defined as the "[i]nability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such a severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Social Security Act, the ALJ, acting on behalf of the Commissioner, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that, "[i]f at any step a finding of disability or non-disability can be made, the [Commissioner] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement

4

of 12 months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c),
416.920(a)(4)(ii), 416.920(c), 416.909.

At step three, the ALJ considers whether the claimant's impairments, either individually
or in combination, meet or medically equal one of the presumptively disabling impairments
listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If
the impairment meets or equals one of the listed impairments, then the claimant is considered
disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§
404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d
288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the
claimant's "residual functional capacity" ("RFC"), which is then used at the fourth and fifth steps
of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do
sustained work-related physical and mental activities in a work setting on a regular and
continuing basis. Social Security Ruling (SSR) 96–8p. The ALJ must consider even those
impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g.,
allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir.1996); 20
C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the
existence of a medical impairment that could reasonably be expected to produce the actual
alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing,
the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20
C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence,
including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R.

§ 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96–7p. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.*

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. At steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *see also Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012); *See also Walls v. Barnhart,* 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

**ALJ DETERMINATION**

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of May 11, 2016. ECF No. 11 at 25. At step two, the ALJ found that Plaintiff had the severe impairments of status post, right knee arthroscopy; major depressive disorder/bipolar disorder; generalized anxiety disorder; and posttraumatic stress disorder. *Id.* The ALJ also found that Plaintiff had the non-severe impairment of headaches. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id.* at 26. At step four, the ALJ determined that Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 416.967(b) except: requires no more than occasional crawling and climbing ladders, ropes, or scaffolds; requires no stooping; is limited to simple, routine, and repetitive tasks that are low-stressed in nature, which is defined as having only occasional decision making, occasional changes in the work setting, and no strict production quotas; and requires no contact with the public and no more than occasional interaction with co-workers and supervisors and once work is assigned it should be able to be performed primarily without working in coordination with other employees.

*Id.* at 27. The ALJ then determined that Plaintiff had no past relevant work. *Id.* at 31.

Finally, at step five, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 32. Thus, the ALJ concluded that, "[T]he claimant has not been under a disability, as defined in the Social Security Act, from May 11, 2016, through the date of this decision." *Id* at 33.

**DISCUSSION**

Plaintiff raises two allegations of error on appeal: (1) that the ALJ set forth an inadequate hypothetical, which infected the ALJ's RFC determination, rendering the entire decision

unsupported by substantial evidence; and (2) that at the fifth step in the sequential evaluation the ALJ failed to identify and resolve apparent conflicts between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT") pursuant to SSR 00-4p. ECF No. 15-2 at 8, 21. The Court finds only Plaintiff's second argument has merit. Both of Plaintiff's arguments are addressed below.

### A. The ALJ's RFC determination was supported by substantial evidence.

At step three of the sequential evaluation, the ALJ determined that "with regard to concentration, persistence or pace, [Plaintiff] had moderate difficulties." ECF No. 11 at 26. The ALJ then determined that Plaintiff had the residual functional capacity to perform light work except:

> is limited to simple, routine, repetitive tasks that are low-stress in nature, which is defined as having only occasional decision making, occasional changes in the work setting, and no strict production quotas; and requires no contact with the public and no more than occasional interaction with co-workers and supervisors and once work is assigned it should be able to be performed primarily without working in coordination with other employees.

*Id.* at 27. Plaintiff contends that the ALJ's use of "strict production quotas" as a limitation in his hypothetical posed to the VE and corresponding RFC assessment, is a basis for remand because the term is not defined by regulation nor the DOT. ECF No. 15-2 at 8, 10. Plaintiff argues that the failure to provide an explanation for the precise parameters of the limitation, "frustrates meaningful appellate review." *Id.* at 10. Defendant contends that the VE understood the restriction and their testimony was based on their education and experience as a VE. ECF No. 16-1 at 6. The Court agrees with Defendant.

Plaintiff relies upon *Geneva W. v. Comm'r Soc. Sec. Admin.,* to demonstrate an instance where this Court held that remand was warranted to allow the ALJ to "clarify the RFC assessment and hypothetical to the VE in order to establish that the VE's testimony constitutes

substantial evidence supporting the ALJ's conclusion." Civil No. SAG-18-1812 (D.Md. July 19, 2019).  Plaintiff also relies upon *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir.2019) for the same proposition. However, in those cases the term "production quota" was the only descriptor the ALJ used to define the plaintiff's limitation. This led the Court to remand for further clarification. In *Geneva W. v. Comm'r Soc. Sec. Admin.*, the Court held that a limitation of "performing simple and routine tasks in a work setting that does not [involve] production pace or strict production quotas" was too vague to infer the ALJ's intent without any further description. Civil No. SAG-18-1812 at *3 (D.Md. July 19, 2019). The Court in *Thomas v. Berryhill*, held that a limitation simply exluding Thomas from "work requiring a production rate or demand pace" was too ambiguous for the same reasons. 916 F.3d 307, 312 (4th Cir.2019).

"When the ALJ includes a limitation that is not defined by regulation nor the DOT and is subject to interpretation, the ALJ must elaborate to the VE the precise parameters of the intended limitation." *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir.2019). The Court finds that in the explanation to the VE and RFC, the ALJ properly elaborated on the parameters of the intended limitation. ECF No. 11 at 61, 27. In both his posed hypothetical to the VE and in the RFC, the ALJ articulated that Plaintiff is "limited to simple, routine, and repetitive tasks that are low-stress in nature, which is defined as having only occasional decision making, occasional changes in the work setting, and no strict production quotas." *Id.* The inclusion of "only occasional decision making and occasional changes in the workplace" as further explanation for "low-stress" describe the conditions of this limitation. Unlike in the cases Plaintiff relies upon, the term "strict production quotas" is not on its own here. Accordingly, Court finds no error in the ALJ's posed hypothetical to the VE. Therefore, the subsequent RFC determination is properly supported by substantial evidence.

Plaintiff also argues that since the language the ALJ used did not constitute a valid limitation, the ALJ did not impose any RFC restrictions to address Plaintiff's moderate difficulties in maintaining concentration, persistence or pace in violation of *Masico v. Colvin*, 780 F.3d 632-38 (4th Cir.2015). ECF No. 15-2 at 14. The Court finds Plaintiff's argument without merit.

In *Mascio* the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task. The latter ability concerns the broad functional area of concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. Like *Mascio*, the ALJ's RFC determination included a non-exertional restriction to simple, routine, repetitive tasks. ECF No. 11-3 at 28. However, unlike *Mascio*, the ALJ's RFC assessment in this case also included additional limitations, one of which restricted Plaintiff to "[a] low stress work environment, defined as having only occasional decision making, occasional changes in the work setting, and no strict production quotas[.]" *Id.*

While a limitation to simple, routine, repetitive tasks alone is insufficient under *Mascio*, Courts in this district have uniformly found that further RFC restrictions limiting claimants to work with no production quotas, adequately account for a claimant's moderate limitations in concentration, persistence, and pace. *See, e.g., Mason v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-3362, 2016 WL 225689, at *3 (D. Md. Jan. 19, 2016) (finding no error under *Mascio* where ALJ's RFC assessment included a restriction specifically limiting claimant to "work that does not require the satisfaction of a production pace"); *Chase v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-2961, 2016 WL 199410 at *3 (D. Md. Jan. 15, 2016) (finding no error where ALJ restricted claimant's RFC to "simple, routine, and repetitive tasks, in a 'low stress' job (defined as requiring no more than occasional decision making and no more than occasional changes in the

work setting), with *no production rate or paced work* (such as would be done on an assembly line) [.]" (emphasis added); *Shirey v. Comm'r of Soc. Sec. Admin.*, No. SAG-15-261, 2015 WL 7012718, at *2-3 (D. Md. Nov. 10, 2015) (finding no error with RFC limiting claimant to "routine and repetitive tasks in a *work environment free of fast paced production* requirements which is defined as constant activity with work tasks performed sequentially in rapid succession.") (emphasis added); *Rayman v. Comm'r of Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053 at *3 (D. Md. Nov. 6, 2015) (finding no error where RFC limited claimant to "a low stress environment, such that there are few changes in the work setting and no fast-paced or quota production standards[.]").

Here, the ALJ limited Plaintiff's RFC to "simple, routine, repetitive tasks that are *low-stressed in nature, which is defined as having only occasional decision making, occasional changes in the work setting, and no strict production quotas*[.]" ECF No. 11 at 28 (emphasis added). Unlike in *Mascio*, where the ALJ limited the plaintiff to "simple, routine, repetative tasks" here, the ALJ's limitation goes beyond that description. 780 F.3d at 638. As discussed, the ALJ sets out unambiguous parameters for Plaintiff's limitation by clarifying the terms not defined in regulation or the DOT. Thus, the ALJ's RFC assessment adequately accounts for Plaintiff's moderate limitation in concentration, persistence, and pace. Accordingly, remand based on *Mascio* is unwarranted in this case.

## B. The ALJ erred by neglecting to resolve a conflict between the VE's testimony and the DOT.

Plaintiff next argues that the ALJ erred at step five of the evaluation process. Relying upon *Pearson v. Colvin*, 810 F.3d 204, 210–11 (4th Cir. 2015) and *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016), Plaintiff argues that the ALJ erroneously relied on the VE's testimony and that the ALJ failed to adequately address a conflict in accordance with SSR 00-4p. ECF No. 15-

2 at 24. Specifically, Plaintiff argues that the VE's recommendation that he could perform jobs as an office helper (DOT 239.567-010); marker (DOT 209.587-034); and mail clerk (not USPS) (DOT 209.687-026) conflicts with his RCF. ECF No. 15-2 at 26-27. The Court agrees.

SSR 00-4p explains that its "purpose" is to require the ALJ (not the VE) to "[i]dentify and obtain a reasonable explanation" for conflicts between the VE's testimony and the DOT, and to "[e]xplain in the determination or decision how any conflict that has been identified was resolved." 2000 WL 1898704, at *1 (Dec. 4, 2000). The Ruling then proceeds to require that the ALJ undertake exactly these responsibilities. First, the ALJ must "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT;" and second, "[i]f the VE's . . . evidence appears to conflict with the DOT," the ALJ must "obtain a reasonable explanation for the apparent conflict." *Id.* at *4. Notably, this second requirement is so independent of the first that it does not rest on the VE's identification of a conflict. Rather, SSR 00–4p directs the ALJ to "resolve the conflict by determining if the explanation given by the VE . . . is reasonable," *id.* at *2, and to "explain the resolution of the conflict irrespective of how the conflict was identified," *id.* at *4. Even if the VE states there is no conflict between the evidence and the DOT, the ALJ must still recognize and resolve conflicts that are not immediately obvious. *Pearson v. Colvin*, 810 F.3d 204, 209–10 (4th Cir. 2015).

Plaintiff again relies on *Thomas v. Berryhill* as well as *Henderson v. Colvin* to support his allegation that the VE's testimony and ALJ's subsequent findings conflict with the DOT. In *Thomas*, the ALJ found in her RFC analysis that the plaintiff was limited to "short, simple instructions." *Thomas*, 916 F.3d at 314. However, all of the jobs the VE recommended in that case required the plaintiff be able to follow "detailed but uninvolved" instructions. *Id.* The Fourth Circuit found that the discrepancy between the plaintiff's RFC and the reasoning level

required by the VE's recommended jobs was an "apparent conflict" justifying remand. *Id.* at 314. *Henderson* addressed conflicts between a plaintiff's mental limitation and their ability to perform certain jobs. *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016). In *Henderson*, the VE testified that Henderson was capable of performing at a Reasoning Level of 2 but recommended jobs requiring a greater level of understanding. *Id.* at 276-77. The Court found that the ALJ's failure to address and reconcile the conflict warranted remand. *Id.*

Similar to the above cases, here, the ALJ found in his RFC determination that Plaintiff is limited to "simple, routine, and repetitive tasks." ECF No. 11 at 27. According to the limitations in the ALJ's RFC analysis, Plaintiff is limited to jobs that have Reasoning Levels of 2. *See id.* at 32, ECF No. 15-2 at 26. At the hearing, the VE testified that based on the information provided by the ALJ, Plaintiff could perform the job requirements of an office helper, marker, and mailroom attendant. ECF No. 11 at 62. While an office helper and marker have Reasoning Levels of 2 (ECF No. 11 at 32) a mail clerk requires a Reasoning Level of 3. 209.687-026 MAIL CLERK, DICOT 209.687-026. This discrepancy between Plaintiff's RFC and the reasoning level requirements of the mail clerk job suggested by the VE, is directly analogous to the discrepancy in *Thomas v. Berryhill*. While office helper and marker positions reasoning levels conform to Plaintiff's RFC, the mail clerk's reasoning level does not. Because the ALJ failed to identify and address this conflict, the Court must remand this case to SSA for further analysis.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from May 11, 2016 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for

13

Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion.  In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination.  The clerk is directed to CLOSE this case.


Date: 22 / December 2020

A.  David Copperthite
United States Magistrate Judge

14